Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000825
07-FEB-2019
07:58 AM

NO. CAAP-16-0000825

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CODY PRESTI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 13-1-0827(3))

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Reifurth and Hiraoka, JJ.)

Defendant-Appellant Cody Presti (**Presti**) appeals from the Judgment Conviction and Probation Sentence (**Judgment**) entered by the Circuit Court of the Second Circuit (**Circuit Court**)[1] on November 15, 2016. He raises four points of error:

1. The Circuit Court erred by granting the prosecution's request to amend the complaint allegations of assault against a law enforcement officer, over Presti's objection, after trial had commenced;

2. There was insufficient evidence to support a conviction for drinking in public within an historic district;

3. The Circuit Court gave erroneous jury instructions on the offense of drinking in public within an historic district; and

4. The Circuit Court erred in denying his motion for a new trial based upon possible juror misconduct.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we affirm the Judgment of

---

[1] The Honorable Joseph E. Cardoza presided.

Conviction on Count One, reverse the Judgment of Conviction on Count Two, affirm the Circuit Court's denial of Presti's motion for new trial, and remand this matter to the Circuit Court for entry of an amended judgment correcting the term of probation from four to five years as required by Hawaii Revised Statutes (**HRS**) § 707-712.5(2)(b) (2014).[2]

## I.

On November 1, 2013, Presti was charged by criminal complaint filed in the District Court of the Second Circuit (**District Court**) with Assault Against a Law Enforcement Officer in the First Degree in violation of HRS § 707-712.5(1)(a) and Drinking in Public Within a Historic District as established by the Maui County Code (**MCC**).  The complaint alleged, in relevant part:

COUNT ONE:

That on or about the 31st day of October, 2013, in the Division of Lahaina, County of Maui, State of Hawaii, CODY PRESTI did intentionally or knowingly cause bodily injury to a law enforcement officer who was engaged in the performance of duty, to wit, Officer Marvin Tevaga, thereby committing the offense of Assault Against a Law Enforcement Officer in the First Degree in violation of Section 707-712.5(1)(a) of the Hawaii Revised Statutes.

COUNT TWO:

That on or about the 31st day of October, 2013, within a historic district as established by Chapter 19.50 of the Maui County Code, in the Division of Lahaina, County of Maui, State of Hawaii, CODY PRESTI did consume an intoxicating liquor on any street, park, or open space that is owned or maintained by a government agency, or which is privately owned, thereby committing the offense of Drinking in Public Within a Historic District in violation of Section 19.52.090(F) of the Maui County Code.

---

[2]     HRS § 707-712.5(2) provides:

Assault of a law enforcement officer in the first degree is a class C felony.  The court shall, at a minimum, sentence the person who has been convicted of this offense to:

(a)    An indeterminate term of imprisonment of five years, pursuant to section 706-660; or

(b)    Five years probation, with conditions to include a term of imprisonment of not less than thirty days without possibility of suspension of sentence.

Presti appeared with counsel at the probable cause hearing. The District Court[3] found probable cause and bound the case over to the Circuit Court.

The complaint at issue in this appeal (**Complaint**) was filed on November 13, 2013, in the Circuit Court. The Complaint alleged, in relevant part:

> COUNT ONE: (13-049008-001)
>
> That on or about the 31st day of October, 2013, in the County of Maui, State of Hawaii, CODY PRESTI did intentionally or knowingly cause bodily injury to a law to wit, [sic] Officer Marvin Tevaga, thereby committing the offense of Assault Against a Law Enforcement Officer in the First Degree in violation of Section 707-712.5(1)(a) of the Hawaii Revised Statutes.

HRS § 707-712.5 provides, in relevant part:

> (1)  A person commits the offense of assault against a law enforcement officer in the first degree if the person:
>
> (a)  Intentionally or knowingly causes bodily injury to a law enforcement officer who is engaged in the performance of duty[.]

The Complaint omitted the phrase "enforcement officer who was engaged in the performance of duty," from the charge for Count One, but the charging allegations were otherwise substantially identical to those of the complaint that had been filed in District Court.

Presti was arraigned in Circuit Court on November 14, 2013. He was represented by counsel. He waived reading of the charges, entered a plea of not guilty, and requested a jury trial.

The omission from Count One of the Complaint apparently went unnoticed by Plaintiff-Appellee State of Hawaiʻi (**State**) until March 30, 2015, when the following exchange took place during jury selection:

> [THE COURT]: . . . The next thing I'm going to do, ladies and gentlemen, is give you a little bit of information concerning the charges in this case. Okay. I'll give the attorneys an opportunity to present to you

---

[3]    The Honorable Kelsey T. Kawano presided.

what I call mini-opening statements.  I'll talk to you about that in a little while.

Ladies and gentlemen, the defendant in this case is Mr. Presti. He's charged with the following offenses: Count One, Assault Against a Law Enforcement Officer in the First Degree; and Count Two, Drinking in Public Within a Historic District.

The charges in this case read as follows: Count One, that on or about the 31st day of October, 2013, in the County of Maui, State of Hawaii, Cody Presti did intentionally or knowingly cause bodily injury to a law enforcement -- let's see.

Just one second here, ladies and gentlemen.

THE COURT:  May I have the attorneys approach please for a moment?

(Whereupon the following proceedings were held at the bench, outside the hearing of the jury:)

THE COURT:  You know, I'm looking at the original of the Complaint, and it looks like there's a word missing.  It reads, "Cody Presti did intentionally or knowingly cause bodily injury to a law, to wit, Officer Marvin Tevaga."

[DEPUTY PROSECUTING ATTORNEY (**DPA**)]:  Yeah. It should say, "Law enforcement officer."

THE COURT: Okay.

. . . .

THE COURT:  Looks like there's a couple of phrases missing.

[DPA]:  There was an original complaint filed in District Court, when it came up for its preliminary hearing, and that is in full.  And then for some reason, it looks like, when it came up to Circuit Court, it's missing those words.

THE COURT:  There's a line missing here.  But you're right.  The District report pursuant to which there was a preliminary -- preliminary proceeding is resulting in a probable cause determination, and those include a line that appears to be missing in the Complaint that was filed in Circuit Court.

[DPA]:  I guess, since there was a valid Complaint filed and there was probable cause found on that Complaint, the State believes that it's a typographical error on the criminal Complaint.

We can file an amended, but I wouldn't want to have a defective charge, your Honor.  So I think that's what it looks like, it was a typographical error.  But it is –

THE COURT:  It is -- for whatever reason, there's a line missing.  I don't know how that happened, but on the Circuit Court Complaint – the District Court Complaint has that line.

[DPA]: I can file an amended Complaint, your Honor, if you would like me to at this time, and I'm sorry I didn't catch that error.

THE COURT: [Defense counsel].

[DEFENSE COUNSEL]: Your Honor, I would just state a record objection.

THE COURT: I'll grant the motion to amend. It doesn't appear to be any surprise in the sense that the Complaint -- Count One of the Complaint, I think this was filed in District Court pursuant to which there was a preliminary hearing and probable cause found does contain the language as required by statute.

It appears that the fourth line -- for whatever reason, the fourth line of the Complaint that was filed in District Court is missing from the Circuit Court Complaint, but there doesn't appear to have been any dispute or confusion over the charge, understandably.

So in light of the District Court Complaint, I'll -- I will grant the motion to amend to include the fourth line of the District Court Complaint and that reads "Law enforcement officer who was engaged in the performance of duty."

All right. Thank you so much.

[DPA]: Thank you.

(Whereupon the following proceedings were held in open court, in the presence of the jury:)

THE COURT: All right. I'll start over again. Ladies and gentlemen, Count One reads that, "On or about the 31st day of October, 2013, in the County of Maui, State of Hawaii, Cody Presti did intentionally or knowingly cause bodily injury to a law enforcement officer who was engaged in the performance of duty, to wit, Officer Marvin Tevaga, thereby committing the offense of the Assault Against a Law Enforcement Officer in the First Degree in violation of Section 707-712.5(1)(a) of the Hawaii Revised Statutes.

The Circuit Court continued with jury selection, empaneled a jury, and completed the trial. On April 1, 2015, the State filed an amended complaint as allowed by the Circuit Court. On the same day, the jury returned a verdict of guilty as charged on both counts.

On April 9, 2015, Presti's defense counsel filed a Motion to Withdraw and Appoint Substitute Counsel and Defendant's Motion for a New Trial (**Motion for New Trial**). The motion to withdraw was supported by a declaration of counsel stating that Presti had written a letter to the trial judge which stated:

a. Defendant is requesting a new trial based on evidence that was not introduced, that he believes would have strengthened his case;

> b.     In the event an appear [sic] is pursued,
> Defendant would like to raise an issue on appear [sic]
> that would create a conflict of interest for the
> Office of the Public Defender[.]"

By order entered May 4, 2015, the Circuit Court allowed Presti's defense counsel to withdraw and appointed substitute defense counsel.  A hearing on the Motion for New Trial was set for May 7, 2015.  The hearing date was continued several times.  On December 22, 2015, the State filed a motion to strike the Motion for New Trial because no grounds for a new trial had been stated despite several continuances of the hearing date.[4]

On December 24, 2015, Presti filed a Supplemental Memorandum in Support of Motion for New Trial in which he argued that the guilty verdict on Count Two (Drinking in Public Within a Historic District) was flawed because "[t]he amended complaint filed at the start of trial is deficient because it failed to state all of the essential elements to the offense of drinking in public within in [sic] a historic district."  He argued that the State "presented absolutely no evidence that the contents of Mr. Presti's jug contained the requisite amount of alcohol for this offense.  The prosecution has to prove that Mr. Presti consumed an intoxicating liquor containing 0.5% ABV."  He argued that "[t]he jury instruction on the elements of this offense is incomplete[.]"  Finally, he argued that he was deprived of his constitutional right to a fair trial because the Circuit Court failed to conduct a proper inquiry after receiving a report that a juror's husband was seen talking to the complaining witness outside the courtroom.  Presti's supplemental memorandum did not mention the omission in the charge for Count One.

---

[4]     Hawai'i Rules of Penal Procedure (**HRPP**) Rule 33 states:

> **New trial.**  The court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice.  If trial was by the court without a jury, the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment.  A motion for a new trial shall be made within 10 days after verdict or finding of guilty or within such further time as the court may fix during the 10-day period.  The finding of guilty may be entered in writing or orally on the record.

On December 24, 2015, Presti also filed a memorandum in opposition to the State's motion to strike. He argued two people claimed to have seen the interaction between Presti and the complaining witness on the night in question, and that an investigator was needed to interview them. Presti's memorandum did not mention the omission in the charge for Count One.

The Circuit Court entered an order denying the State's motion to strike the Motion for New Trial on January 6, 2016. On March 29, 2016, the State filed a memorandum in opposition to the Motion for New Trial. On March 30, 2016, Presti filed a reply memorandum. The reply memorandum did not mention the omission in the charge for Count One. On September 22, 2016, Presti filed a Second Supplemental Memorandum in Support of Motion for New Trial. The second supplemental memorandum did not mention the omission in the charge for Count One.

An evidentiary hearing on the Motion for New Trial was conducted on September 1, 2016 and a further hearing was held on October 13, 2016. The Judgment was entered on November 15, 2016. Presti was sentenced to serve a term of imprisonment of one year and four years of probation on Count One, and a $100 fine on Count Two. Presti's notice of appeal was filed on November 21, 2016.

On December 22, 2016, the Circuit Court entered Findings of Fact and Conclusions of Law. The court found there was no juror misconduct and no new evidence or new witnesses to support the request for a new trial, and held that Presti's allegation that Count Two of the Circuit Court Complaint was defective could not be cured by a new trial. The Motion for New Trial was denied.

On March 17, 2017, Presti filed a Motion to Modify Terms and Conditions of Probation pursuant to HRPP Rule 35(b). On March 29, 2017, the Circuit Court entered an order granting the motion which reduced Presti's term of imprisonment from one year to 180 days with credit for time served. The four year sentence of probation was not modified.

## II.

### A.    **Amendment of the Complaint**

Presti first contends that the Circuit Court erred by allowing the Complaint to be amended to include the missing phrase "enforcement officer who was engaged in the performance of duty."  Without the addition of that phrase, the Complaint would have been fatally defective.  State v. Elliott, 77 Hawai'i 309, 884 P.2d 372 (1994).[5]

HRPP Rule 7(f) provides:

**Amendment.**

(1)  The court may permit a charge other than an indictment to be amended at any time before trial commences if substantial rights of the defendant are not prejudiced.

(2)  The court may permit a charge other than an indictment to be amended after trial commences and before verdict or finding if the defendant personally, knowingly, and voluntarily agrees to the amendment on the record.

(underscoring added).  "The interpretation of a court rule is . . . a question of law reviewable de novo."  State v. Vaimili, 135 Hawai'i 492, 499, 353 P.3d 1034, 1041 (2015) (citation omitted).  The Circuit Court allowed the amendment over Presti's objection.  Thus the legal issue presented is: "When does trial 'commence' for purposes of HRPP Rule 7(f)?"

Presti cites Vaimili, in which the Hawai'i Supreme Court held that "for the purposes of HRPP Rule 43, trial 'commences' when prospective jurors are administered an oath prior to voir dire, at any authorized location for court proceedings."  Id. at 503, 353 P.3d at 1045.  HRPP Rule 43 "codifies a defendant's constitutional right to be present at trial, as well as exceptions to the defendant's continued presence."  Id. at 501, 353 P.3d at 1043 (citation omitted). HRPP Rule 43(b)(1) provides that "the defendant shall be considered to have waived the right to be present whenever a defendant, initially present, . . . is voluntarily absent after

---

[5]    Under Elliott, since the original Complaint alleged all of the essential elements of assault in the third degree under HRS § 707-712(1)(a), Presti would have been convicted of the lesser included offense.  HRS § 701-109(4)(a) (2014).  Id. at 313, 884 P.2d at 376.

8

the hearing or trial has commenced[.]" In <u>Vaimili</u> the court noted that HRPP Rule 43 was modeled on Rule 43 of the Federal Rules of Criminal Procedure (**FRCP**), and held:

> As with the federal rule after which it was modeled, HRPP Rule 43 "refers not to the commencement of jeopardy but to the commencement of trial." Thus, although jeopardy attaches after an empaneled jury is sworn, that does not mean an empaneled jury must be sworn before trial "commences" for the purposes of HRPP Rule 43. Rather, federal courts have consistently held that for purposes of FRCP Rule 43, trial "has begun" or "commenced" when jury selection begins, not when the selected jury is sworn in.

<u>Id.</u> at 502-03, 353 P.3d at 1044-45 (format altered) (citations omitted). The <u>Vaimili</u> holding on HRPP Rule 43 is not binding on our interpretation of HRPP Rule 7(f).

In <u>State v. Kam</u>, 134 Hawai'i 280, 286-87, 339 P.3d 1081, 1087-88 (App. 2014), we held:

> It would appear that HRPP Rule 7(f)(1) was promulgated to address the . . . correction of a charging error prior to trial, where the amendment to the charges does not prejudice the defendant's substantial rights. Where the State's pre-trial amendment of a charge in a complaint does not prejudice a defendant's substantial rights, there seems to be little justification for denying the amendment and good reasons for granting it. Permitting the amendment prevents delay, avoids inconvenience to the parties, and conserves judicial resources. In this case, permitting the State to amend the charges served to prevent the delay, inconvenience, and waste of judicial resources that would have[]resulted if the State had been required to seek dismissal of the charges and start the case over again by re-charging Kam. The State's amendment of the charges did not affect Kam's ability to prepare her defense and it did not prejudice her substantial rights.

(citations omitted). In Presti's case below, with leave of court the State could have dismissed the Complaint to recharge Presti at any time before jeopardy attached pursuant to HRPP Rule 48(a).[6] After jeopardy attaches, however, a <u>nolle prosequi</u> entered over the defendant's objection would bar any subsequent trial for the same offense. <u>State v. Murray</u>, 69 Haw. 618, 619, 753 P.2d 806, 807 (1988) (citation omitted). Consistent with the

---

[6] HRPP Rule 48(a) provides:

> The prosecutor may by leave of court file a dismissal of a charge and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

policy reasons set forth in Kam, we hold that trial "commences" for purposes of HRPP Rule 7(f) when jeopardy attaches. "[I]n jury trials, jeopardy attaches when the jury is empaneled and sworn." State v. Miyazaki, 64 Haw. 611, 617, 645 P.2d 1340, 1345 (1982) (citations omitted). In this case jeopardy had not attached because a jury had not been empaneled or sworn. The Circuit Court found:

> It doesn't appear to be any surprise in the sense that the Complaint -- Count One of the Complaint, I think this was filed in District Court pursuant to which there was a preliminary hearing and probable cause found does contain the language as required by statute.
>
> It appears that the fourth line -- for whatever reason, the fourth line of the Complaint that was filed in District Court is missing from the Circuit Court Complaint, but there doesn't appear to have been any dispute or confusion over the charge, understandably.
>
> So in light of the District Court Complaint, I'll -- I will grant the motion to amend to include the fourth line of the District Court Complaint and that reads "Law enforcement officer who was engaged in the performance of duty."

(underscoring added). Accordingly, the Circuit Court did not err in allowing the State to amend the Complaint before the jury was empaneled and sworn.[7]

## B.    Insufficient Evidence on Count Two

Presti next contends that there was insufficient evidence to support a conviction on Count Two for Drinking in Public Within an Historic District. When reviewing the sufficiency of evidence on appeal, we apply the following deferential standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but

---

[7]    Presti's Opening Brief also argues that there was insufficient evidence to support a finding that Presti struck Officer Tevaga. Presti's brief did not include this issue in the points of error, as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). Nevertheless, we note that Officer Tevaga's testimony about the incident was substantial evidence to support a conclusion that Presti intentionally or knowingly caused bodily injury to a law enforcement officer who was engaged in the performance of duty.

whether there was substantial evidence to support the
conclusion of the trier of fact.

State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010)
(citations omitted).  "Substantial evidence as to every material
element of the offense charged is credible evidence which is of
sufficient quality and probative value to enable a person of
reasonable caution to support a conclusion."  Id. (citation and
internal quotation marks omitted).

Count Two alleged that Presti violated MCC
§ 19.52.090(F), which provides in relevant part:

> **Drinking in public.**  It is unlawful to consume any
> intoxicating liquor, whether medicated, proprietary,
> patented, or not, in whatever form and of whatever
> constituency and by whatever name called, containing one-
> half of one percent or more of alcohol by volume, which are
> fit for use or may be used or readily converted for use for
> beverage purposes, in any public street, park, or open space
> that is owned or maintained by a governmental agency,
> without the expressed approval of the responsible government
> agency having administrative authority over the public
> street, park or open space, and the cultural resources
> commission, or in any street, park, or open space which is
> privately owned without the expressed approval of the owner
> of the property; provided, however, that recreational areas
> under the jurisdiction of the department of parks and
> recreation shall be excluded from the restrictions set forth
> in this subsection.

(underscoring added).  "The elements of an offense are such
(1) conduct, (2) attendant circumstances, and (3) results of
conduct, as: (a) Are specified by the definition of the offense,
and (b) Negative a defense[.]"  HRS § 702-205 (2014).  To convict
Presti of this offense the State was required to prove the
attendant circumstance that the liquid Presti was observed
drinking[8] contained "one-half of one percent or more of alcohol
by volume."  At trial, the arresting officer (**Officer Tevaga**)
authenticated a photograph of the bottle he had observed in

---

[8]     The affidavit executed by Officer Tevaga in support of Presti's
arrest stated:

> I observed PRESTI drinking from the clear unmarked bottle
> with red liquid within and after he drank from the bottle he
> yelled out "Oh yeah!"  It is through my experience working
> on Front Street during Halloween in that [sic] past three
> years, that unmarked bottles have been used to conceal
> liquor to consume without being detected.

Presti's hand.   On cross-examination by Presti's attorney, Officer Tevaga testified:

> Q.   Okay.   And after Officer Medeiros took a picture of the bottle, were you the officer who disposed of the bottle?
>
> A.   Yes.
>
> Q.   And by this, you mean that you disposed of the liquid in the bottle?
>
> A.   I threw the -- yes, I threw it out.
>
> Q.   Okay. When you say you disposed of it, was this putting it in the trash can or --
>
> A.   Yes.
>
> . . . .
>
> Q.   So fair to say that the bottle was not checked into evidence?
>
> A.   No.
>
> Q.   The contents of the bottle were not checked into evidence?
>
> A.   No.

Although Officer Tevaga testified that the liquid contained in the bottle Presti was holding "smelled like alcohol, "the State did not present any evidence quantifying the volume of alcohol, if any, actually contained in the liquid that Officer Tevaga saw Presti consume.   Accordingly, the Judgment is reversed as to Presti's conviction and fine on Count Two.   In light of this disposition we need not consider Presti's third point of error concerning the jury instructions on Count Two.

## C.   New Trial Based on Juror Misconduct

Presti contends that the Circuit Court erred in denying his Motion for New Trial based upon Officer Tevaga – the complaining witness – being seen conversing with the spouse of one of the jurors in the hallway outside the courtroom.   Presti argues that constitutes juror misconduct which the Circuit Court failed to address, warranting a new trial.

> As a general matter, the granting or denial of a motion for new trial is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion.   The same principle is applied in the context of

a motion for new trial premised on juror misconduct. The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant. Moreover, because the right to an impartial jury in a criminal trial is so fundamental to our entire judicial system, it therefore follows that a criminal defendant is entitled to twelve impartial jurors. Thus, the trial court must grant a motion for new trial if any member (or members) of the jury was not impartial; failure to do so necessarily constitutes an abuse of discretion.

State v. Bailey, 126 Hawai'i 383, 398, 271 P.3d 1142, 1157 (2012) (reformatted) (citations omitted). "'Juror misconduct' does not necessarily mean a juror's bad faith or malicious motive, but means a violation of, or departure from, an established rule or procedure for production of a valid verdict." Oahu Publ'ns Inc. v. Ahn, 133 Hawai'i 482, 490 n.8, 331 P.3d 460, 468 n.8 (2014).

The framework for evaluating a motion for new trial based upon alleged juror misconduct was summarized in State v. Chin, 135 Hawai'i 437, 353 P.3d 979 (2015):

[W]hen a defendant in a criminal case claims a deprivation of the right to a fair trial by an impartial jury, the initial step for the trial court to take is to determine whether the nature of the alleged deprivation rises to the level of being substantially prejudicial. If it does not rise to such a level, the trial court is under no duty to interrogate the jury. And whether it does rise to the level of substantial prejudice is ordinarily a question committed to the trial court's discretion.

Where the trial court does determine that such alleged deprivation is of a nature which could substantially prejudice the defendant's right to a fair trial, a rebuttable presumption of prejudice is raised. The trial judge is then duty bound to further investigate the totality of circumstances surrounding the alleged deprivation to determine its impact on jury impartiality. The standard to be applied in overcoming such a presumption is that the alleged deprivation must be proved harmless beyond a reasonable doubt.

The defendant bears the initial burden of making a prima facie showing of a deprivation that could substantially prejudice his or her right to a fair trial by an impartial jury. But once a rebuttable presumption of prejudice is raised, the burden of proving harmlessness falls squarely on the prosecution.

. . . .

[T]he court first examines the general nature of the misconduct, and if such misconduct is generally of a nature that could substantially prejudice a defendant, the trial court is required to investigate the totality of the circumstances surrounding the outside influence.

13

Id. at 445-46, 353 P.3d at 987-88 (format altered) (citations, underscoring and footnote omitted).

In the case below, Presti claimed to have observed a person speaking with Officer Tevaga outside the courtroom. The person stated that he was the husband of one of the jurors. According to Presti, "The man shook hands with Officer Tevaga and said, 'thank you for your service.' Both of them walked into the courtroom after that." The record on appeal also indicates that the juror's husband observed substantially all of the trial.

Any contact or private communication, unless trivial (e.g., a brief salutation such as "good morning," where there are no circumstances present indicating that the communication was anything other than benign) during trial between a juror and a witness represents an outside influence of a nature that could substantially prejudice a defendant's right to a fair trial. Chin, 135 Hawai'i at 447 & n.15, 353 P.3d at 989 & n.15 (citation omitted). There was no indication in the record that Officer Tevaga had any contact with a juror. However, the Circuit Court apparently believed that the conduct reported by Presti could raise a rebuttable presumption of prejudice if the juror's husband communicated with his wife (the juror) about his contact with Officer Tevaga. Accordingly, the Circuit Court appropriately conducted an evidentiary hearing before ruling on the Motion for New Trial.

The evidentiary hearing was held on September 1, 2016. The Circuit Court heard testimony from Presti, Presti's trial counsel, the juror whose husband was seen speaking with Officer Tevaga,[9] and the juror's husband.

---

[9]    Hawai'i Rules of Evidence (**HRE**) Rule 606(b) provides:

    Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify concerning the effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. Nor may the juror's affidavit or evidence of any statement by the juror indicating an effect of this kind be received.

(continued...)

On December 22, 2016, the Circuit Court entered Findings of Fact and Conclusions of Law. A trial court's label of a finding of fact or a conclusion of law is not determinative of the standard of review. Crosby v. State Dep't of Budget & Fin., 76 Hawai'i 332, 340, 876 P.2d 1300, 1308 (1994). We review findings of fact under the "clearly erroneous" standard. A finding of fact is clearly erroneous when the record lacks substantial evidence to support the finding or when, despite some evidence to support the finding, we are left with the definite and firm conviction in reviewing all of the evidence that a mistake has been committed. Birano v. State, 143 Hawai'i 163, 181, 426 P.3d 387, 405 (2018). "'Substantial evidence'" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." In re Grievance Arbitration Between State of Haw. Org. of Police Officers, 135 Hawai'i 456, 461-62, 353 P.3d 998, 1003-04 (2015) (citations omitted). We review conclusions of law under the "right/wrong" standard. Estate of Klink ex rel. Klink v. State, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007) (citation omitted). A conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned. Id. When a conclusion of law presents mixed questions of fact and law, we review it under the "clearly erroneous" standard because the court's conclusions are dependent on the facts and circumstances of each individual case. Id.

---

[9] (...continued)
In State v. Augustin, 89 Hawai'i 215, 220 n.1, 971 P.2d 304, 309 n.1 (App. 1998), we noted: "Although the trial court should try to identify the offending juror and determine the relevant facts, HRE Rule 606(b) bars the trial court from questioning the jurors as to whether and/or how those relevant facts did or did not influence them with respect to their votes."

In this case the juror was not questioned about the effect of her husband's conversation with Officer Tevaga on her vote. The questioning was limited to whether she followed the court's instruction not to discuss the case with anyone. She responded "yes." There was no HRE Rule 606(b) violation. See State v. Gouveia, 139 Hawai'i 70, 77, 384 P.3d 846, 853 (2016) ("the court properly asked the jurors what occurred, their reaction to what occurred, whether the incident was discussed by some or all of the jurors, when it was discussed during deliberations, the length of the discussion, and what other jurors said about the incident").

The Circuit Court found both the juror and her husband to be credible witnesses.  Both testified that they heard and obeyed the court's instruction to the jury to not discuss the trial until the court instructed otherwise.  Both testified that they did not discuss the trial with the other.  The Circuit Court found that "the complained-of conduct, if it occurred, occurred outside the presence, hearing and view of the jury" and that "no juror conduct was involved in the complained-of conduct."  The Circuit Court wisely concluded that "had the Court polled the jury regarding conduct that had not taken place in its presence, view or hearing, a poll of the jury had the potential of unnecessarily creating a prejudicial effect on the jury."

The Circuit Court properly investigated Presti's claim of juror misconduct.  The Circuit Court's findings were supported by substantial evidence and were not clearly erroneous.  The Circuit Court's denial of the Motion for New Trial based on alleged juror misconduct was supported by the court's findings of fact and reflects an application of the correct rule of law.  It is affirmed.

D.    **Illegal Sentence**

HRS § 707-712.5(2)[10] gives the court two minimum sentencing options: (a) an indeterminate term of imprisonment of five years, pursuant to section 706-660; or (b) five years probation, with conditions to include a term of imprisonment of not less than thirty days without possibility of suspension of sentence.  The Circuit Court originally sentenced Presti to serve a term of imprisonment of one year with four years of probation on Count One.  The Circuit Court later reduced Presti's prison sentence to 180 days, but the four year probation period was not modified.  Because both the original sentence and the amended sentence did not conform to the statute, they were illegal and the court has the duty to correct them pursuant to HRPP Rule 35.  State v. Fry, 61 Haw. 226, 229, 602 P.2d 13, 16 (1979).  Accordingly, we remand this case to the Circuit Court for entry

---

[10]    See note 2, supra.

of an amended judgment imposing the statutorily required minimum sentence.

## III.

Based on the foregoing, we (1) affirm the Judgment of Conviction on Count One, (2) reverse the Judgment of Conviction as to Count Two, (3) affirm the Circuit Court's denial of Presti's motion for new trial, and (4) remand this matter to the Circuit Court for entry of an amended judgment correcting the term of probation from four to five years as required by HRS § 707-712.5(2)(b).

DATED:  Honolulu, Hawaiʻi, February 7, 2019.

On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge